**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JUAN CARLOS BAHENA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 21-cv-6298 |
| | ) | |
| v. | ) | Judge Robert M. Dow, Jr. |
| | ) | |
| AAHIL CORPORATION d/b/a | ) | |
| SUBWAY and SHEZY A. BACHLANI, | ) | |
| | ) | |
| Defendants. | | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Juan Carlos Bahena brings this two-count action against Aahil Corporation d/b/a Subway ("Aahil") and Shezy A. Bachlani, alleging violations of the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/1 *et seq.*, arising out of Defendants' alleged failure to pay Plaintiff his earned overtime wages. Before the Court is Defendants' motion to dismiss for lack of subject matter jurisdiction [14]. For the reasons stated below, Defendants' motion [14] is granted. Plaintiff may file an amended complaint no later than October 28, 2022, if he feels that he can do so consistent with Rule 11 and the discussion below. If Plaintiff does not file an amended complaint by that deadline or if his amended complaint is dismissed, the Court will enter a final judgment on the federal FLSA claim and dismiss the state law IMWL claim without prejudice and with leave to refile in state court pursuant to 735 ILCS 5/13-217.

**I. Background**

Plaintiff is a resident of Chicago, Illinois, and is employed by Aahil and Defendant Bachlani. [1 at ¶ 2.] Bachlani is the owner and president of Aahil and is responsible for overseeing all of its employees. [*Id.* at ¶ 4.]

Plaintiff has been working at Aahil since October 2020 and has held the position of a "general worker for [a] Subway sandwich shop" throughout his employ. [1 at ¶¶ 11–12.] Plaintiff's job responsibilities included making sandwiches, food preparation, and working the cash register—tasks which Plaintiff claims qualify him as an "employee" under Section 203 of the FLSA. [*Id.* at ¶ 12.] Although employees' schedules are subject to change, Plaintiff has worked an average of 53 hours per week since January 2021. [*Id.* at ¶ 13.]

Plaintiff is paid on an hourly basis. [*Id.* at ¶ 14.] He was paid $10 per hour from October 2020 until April 2021, at which time his pay increased to $12 per hour. [*Id.* at ¶ 16.] According to the complaint, Plaintiff's wages were not affected by the number of jobs performed or completed during the workday or by the quality or efficiency of his performance. [*Id.* at ¶ 15.]

Since working at Aahil, Defendants have regularly scheduled and directed plaintiff to work more than forty hours per week. [*Id.* at ¶ 17.] Plaintiff alleges that Defendants did not pay him one and a half times the prevailing minimum wage for his overtime work. [*Id.* at ¶ 18.] Plaintiff believes that Defendants do not accurately track the number of hours Plaintiff works and in turn refuse to pay Plaintiff his earned overtime wages. [*Id.* at ¶ 19.]

Plaintiff initiated this action on November 23, 2021, seeking to recover unpaid minimum wages, overtime wages, and liquidated damages pursuant to the FLSA and the IMWL. [See *id.*] Defendants move to dismiss both claims pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. [14.]

## II.    Legal Standard

Federal Rule of Civil Procedure 12(b)(1) "provides for dismissal of a claim based on lack of subject matter jurisdiction, including lack of standing." *Stubenfield v. Chicago Hous. Auth.*, 6 F. Supp. 3d 779, 782 (N.D. Ill. 2013) (citing *Retired Chicago Police Ass'n v. City of Chicago*, 76

F.3d 856 (7th Cir. 1996)). Typically, "[i]n ruling on a motion to dismiss for want of standing, the district court must accept as true all material allegations of the complaint, drawing all reasonable inferences therefrom in the plaintiff's favor." *Lee v. City of Chicago*, 330 F.3d 456, 468 (7th Cir. 2003) (citing *Retired Chicago Police Ass'n*, 76 F.3d at 862); see also *Moore v. Wells Fargo Bank, N.A.*, 908 F.3d 1050, 1057 (7th Cir. 2018); *Browner v. Am. Eagle Bank*, 355 F. Supp. 3d 731, 732–33 (N.D. Ill. 2019).

Dismissal for failure to state a claim under Rule 12(b)(6) is proper "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007). In reviewing a motion to dismiss pursuant to Rule 12(b)(6), the Court accepts as true all of Plaintiffs' well-pleaded factual allegations and draws all reasonable inferences in Plaintiffs' favor. *Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618 (7th Cir. 2007). However, "[t]o survive a motion to dismiss, the well-pleaded facts of the complaint must allow the court to infer more than the mere possibility of misconduct." *Langworthy v. Honeywell Life & Acc. Ins. Plan*, 2009 WL 3464131, at *2 (N.D. Ill. Oct. 22, 2009) (citing *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011)). Additionally, the Court "need not accept as true 'legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'" *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Evaluating whether a claim is sufficiently plausible to survive a motion to dismiss is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *McCauley*, 671 F.3d at 616 (quoting *Iqbal*, 556 U.S. at 678).

## III.    Analysis

Before turning to the substance of Defendants' motion, the Court first addresses Plaintiff's procedural argument in opposition to the motion to dismiss and specifically in reference to the legal standard that applies to the instant motion.  Defendants seek dismissal pursuant to Federal Rule of Civil Procedure 12(b)(1) based on lack of subject matter jurisdiction.  Defendants assert that "Plaintiff's Complaint fails to allege what is necessary to demonstrate either 'individual' or 'enterprise' coverage under the FLSA[,] * * * the only claim[ ] giving this Court subject matter jurisdiction." [15 at 4.]  Plaintiff responds by arguing, in part, that the question of whether Plaintiff is covered by the FLSA "goes to the merits of the claim; and this issue should not be addressed on a Rule 12(b)(1) Motion," and proceeds to cite several cases across this district in which courts have agreed with Plaintiff's position.  [17 at 2–3.]

Plaintiff seems to mistakenly believe that if Defendants brought their motion attacking the merits of Plaintiff's claims pursuant to 12(b)(1) rather than 12(b)(6), the Court should strike the motion.  True, a motion under 12(b)(1) requires a different analytical framework than a motion under 12(b)(6)—"the former determines whether the plaintiff has a right to be in the particular court and the latter is an adjudication as to whether a cognizable legal claim has been stated."  5B WRIGHT & MILLER, FED. PRAC. & PROC. CIV. § 1350.  However, the Seventh Circuit has explicitly stated that "[i]f a defendant's Rule 12(b)(1) motion is an indirect attack on the merits of the plaintiff's claim, the court may treat the motion as if it were a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted." *Peckmann v. Thompson*, 966 F.2d 295, 297 (7th Cir. 1992).  Thus, even if Defendants should have brought their motion under Rule 12(b)(6) instead of 12(b)(1), the Court may still consider the motion by simply applying the correct legal standard.

Here, Defendants' motion invokes both 12(b)(1) and 12(b)(6). In seeking dismissal of the FLSA claim, Rule 12(b)(6) is the more appropriate rule to invoke, as "the FLSA's definition of employer under 29 U.S.C. § 203(s) does not suggest that it is jurisdictional, but instead, [that] it is an element of a plaintiff's claim." *Brown v. ABM Indus., Inc.*, 2015 WL 7731946, at *3 (N.D. Ill. Dec. 1, 2015) (collecting cases). The second of Plaintiff's two claims is a state-law claim and the Court can consider that claim only by exercising supplemental jurisdiction pursuant to 28 U.S.C. § 1367. But Section 1367 also allows district courts to decline to exercise jurisdiction over a state-law claim where "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). So, if Plaintiff fails to state an FLSA claim, the Court may dismiss the action entirely by declining to exercise supplemental jurisdiction over Plaintiff's IMWL claim.

In addition, Plaintiff's procedural criticisms seem somewhat misplaced given the strategy he employs in responding to the motion to dismiss. Plaintiff labels his filing a "response to motion to dismiss and motion for leave to file amended complaint." [17.] Attaching a proposed amended complaint, Plaintiff requests leave to amend by stating that "[a]lthough Plaintiff's Counsel respectfully disagrees with the Motion to Dismiss argument that Plaintiff has failed to plead enterprise coverage, Plaintiff's counsel believes that it would be more economical and efficient to simply amend the Complaint to include allegations that address the purported deficiencies raised by Defendant." [*Id.* at 1–2.] Plaintiff then proceeds to respond to the motion to dismiss, stating that "[a]lthough Plaintiff has responded to the Motion to Dismiss via a request to amend and clarify the Complaint, Plaintiff believes that it must also respond to the Motion to Dismiss because Defendants have argued that the Court lacks subject matter jurisdiction." [*Id.* at 2.]

Finally, both parties attempt to introduce evidence outside of the complaint which the Court will not consider at this time. Defendants attach two years of Aahil's tax returns [see 15 at 7–24].

5

Plaintiff contests the accuracy of those documents, asserting that "Defendants' purported revenues strain credulity," and that "there is something 'fishy' going on with Defendants' evidence." [17 at 5]. "The Court cannot at this early stage accept as true facts that are outside the four corners of the pleadings or draw from those facts inferences unfavorable to Plaintiff[,] [n]or are these facts the sort for which judicial notice ordinarily is appropriate." *Brack v. Dart*, 2013 WL 2251741, at *3 (N.D. Ill. May 22, 2013).

Thus, in the following discussion the Court simply addresses whether Plaintiff has stated an FLSA claim upon which relief may be granted (no) and whether he may file an amended complaint (yes). This is not the appropriate occasion to consider any evidentiary exhibits submitted by either party in connection with these motions.

### A. Motion to Dismiss

The FLSA imposes minimum hourly and overtime wage requirements for employees who are "engaged in commerce or in the production of goods for commerce" (individual-based coverage) or who are "employed in an enterprise engaged in commerce or in the production of goods for commerce" (enterprise-based coverage). 29 U.S.C. §§ 206(a), 207(a)(1). "Employment may be covered under the Act pursuant to either 'individual' or 'enterprise' coverage." *Tony and Susan Alamo Found. v. Sec'y of Labor*, 471 U.S. 290, 295 n.8 (1985). Defendants assert that Plaintiff has failed to sufficiently allege individual- or enterprise-based coverage and that the complaint thus must be dismissed.

### 1. Individual Coverage

An employee has individual coverage under the FLSA if his work "'is so directly and vitally related to the functioning of an instrumentality or facility of interstate commerce as to be, in practical effect, a part of it, rather than isolated, local activity.'" *Martinez v. Manolos Tamales,*

*Inc.*, 2015 WL 5144024, at *1 (N.D. Ill. Aug. 31, 2015) (quoting *Mitchell v. C.W. Vollmer & Co.*, 349 U.S. 427, 429 (1955)). "Commerce" under the FLSA means "trade, commerce, transportation, transmission, or communication among the several States and any place outside thereof." 29 U.S.C. § 203(b).

Plaintiff asserts that individual coverage applies because "he was employed by Defendants to perform various tasks, including making sandwiches, food preparation, and working the cash register, and they do not fall into any of the exceptions or exemptions for workers under the FLSA." [1 at ¶ 12.] Plaintiff's conclusory statement that his position makes him an "employee" under the FLSA is not enough to establish individual coverage. See *Macias v. All-Ways, Inc.*, 2017 WL 2278061, at *2 (N.D. Ill. May 25, 2017). Nothing about making sandwiches or managing a single store's cash register alone gives rise to even a faint inference that Plaintiff's work is related to interstate commerce. Plaintiff thus fails to plausibly allege individual-based FLSA coverage.

### 2. Enterprise Coverage

An employer has enterprise coverage under the FLSA if it "has employees engaged in commerce or in the production of goods for commerce," or "has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce," and has an "annual gross volume of sales made or business done * * * not less than $500,000." 29 U.S.C. § 203(s)(1)(A)(i)–(ii).

Plaintiff asserts that Defendants are an enterprise engaged in commerce "because they have annual gross volume of sales made or business done of at least $500,000; and because they are engaged in interstate commerce or in the production of goods for interstate commerce." [1 at ¶ 5.] These allegations are insufficient to establish enterprise-based coverage. As discussed above, Plaintiff has not alleged any facts suggesting that the sandwich store where he worked is involved

in interstate commerce. As Judge St. Eve explained in the similar circumstances presented in *Macias*, a "conclusory, one-sentence allegation that Defendants 'engaged in commerce or in the production of good for commerce' is devoid of any of the detail, specific or broad, that would lead to an inference that Defendants engage in interstate commerce." *Macias*, 2017 WL 2278061, at *3. "While Plaintiff is not required to provide detailed factual allegations regarding enterprise coverage, he must make more than a conclusory allegation of enterprise coverage that lacks any facts about the nature of Defendants' work or how it might be connected to interstate commerce." *Id.*

Plaintiff's FLSA claim is thus dismissed without prejudice. And absent a currently viable federal claim, the Court follows the ordinary practice in this circuit of declining to exercise supplemental jurisdiction over Plaintiff's IMWL claim. See 28 U.S.C. § 1367(c)(3). If Plaintiff's amended complaint states an FLSA claim, the Court will evaluate the viability of his IMWL claim at a later stage of this case.

### B. Motion for Leave to Amend

Federal Rule of Civil Procedure 15(a) provides that if a party is not entitled to amend a pleading as a matter of course, it may amend "with the opposing party's written consent or the court's leave." The court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "However, this right is not absolute and is appropriately denied when, among other reasons, the amendment would be futile." *Brunt v. Serv. Emps. Int'l Union*, 284 F.3d 715, 720 (7th Cir. 2002). An amendment is futile when it "merely restates the same facts using different language, or reasserts a claim previously determined"; when it "fails to state a valid theory of liability"; or when it "could not withstand a motion to dismiss." *Bower v. Jones*, 978 F.2d 1004, 1008 (7th Cir. 1992) (citations and internal quotation marks omitted). Ultimately, though, "'the

8

decision to grant or deny a motion to file an amended pleading is a matter purely within the sound discretion of the district court.'" *Aldridge v. Forest River, Inc.*, 635 F.3d 870, 875 (7th Cir. 2011) (quoting *Brunt*, 284 F.3d at 720).

Plaintiff should have filed a separate motion for leave to amend rather than combining his request in his response brief. See Fed. R. Civ. P. 7(b)(1) ("A request for a court order must be made by motion."); see also *Novak v. State Parkway Condo. Ass'n*, 2015 WL 1058014, at *4 (N.D. Ill. Mar. 6, 2015) ("[T]he Court will reserve decision until Plaintiffs have made a proper motion for leave to amend rather than act on a request embedded in a response brief."). However, in this case, Defendants had the opportunity to respond in the reply brief in support of their motion to dismiss, which Defendants opted not to do.

Plaintiff's request for leave to file an amended complaint is granted. Unless leave to amend would be patently futile—for example, the claim is plainly time-barred or so far-fetched that a robustly pleaded version of the basic facts could never state a claim—courts in this district and circuit generally allow a plaintiff at least one opportunity to cure deficiencies in an initial pleading. See *White v. Woods*, -- F.4th ---, 2022 WL 4299337, at *6 (7th Cir. Sept. 19, 2022) ("The general rule is to freely permit plaintiffs to amend their complaint[s] once as a matter of course") (quoting *Law Offices of David Freydin, P.C. v. Chamara*, 24 F.4th 1122, 1133 (7th Cir. 2022)). With that said, Plaintiff will need to shore up his allegations considerably to survive a renewed motion to dismiss. The proposed amended complaint still falls short, but the Court will give Plaintiff and his counsel one final opportunity to try again with the benefit of this opinion and its citation to relevant case law.

As discussed above, the central shortcoming of Plaintiff's complaint was its inability to connect Defendants to interstate commerce. In his proposed amended complaint, Plaintiff alleges

that Defendants are involved in interstate commerce because they "sell and handle a number of products and ingredients that are manufactured outside of Illinois, and that are handled in interstate commerce, included but not limited to: Coca-Cola manufacture[d] and distributed soft drinks such as Coke, Diet Coke, and Sprite; and bagged potato chips and snacks manufactured and distributed by Lay's." [17 at 11.]

Other judges in this district have rejected enterprise coverage in cases where business activities were far more conceivably connected to interstate commerce than Plaintiff's allegations here. For example, in *Jacoby v. Schimka Auto Wreckers, Inc.*, 2010 WL 3171515 (N.D. Ill. Aug. 11, 2010), the court found in favor of the defendant employer on the plaintiff's FLSA claim, because Plaintiff's work towing vehicles within state boundaries did not relate to interstate commerce. Similarly, in *Rivas v. Marcelo Hand Car Wash Inc.*, 2010 WL 4386858 (N.D. Ill. Oct. 28, 2010), the court found insufficient plaintiff's contention that he was involved in interstate commerce based on his "handling" of vehicles in his work washing cars. Plaintiff's bald assertion that the products were manufactured outside of Illinois and then sold in a Subway in Illinois does no better to plausibly allege that Plaintiff is engaged in any commerce across state lines.

**IV.     Conclusion**

For the foregoing reasons, Defendants' motion to dismiss [14] is granted.  Plaintiff may file an amended complaint no later than October 28, 2022, if he feels that he can do so consistent with Rule 11 and the discussion above.  If Plaintiff does not file an amended complaint by that deadline or if his amended complaint is dismissed, the Court will enter a final judgment on the federal FLSA claim and dismiss the state law IMWL claim without prejudice and with leave to refile in state court pursuant to 735 ILCS 5/13-217.

Dated:  September 30, 2022

Robert M. Dow, Jr.
United States District Judge